UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM MCNAE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KING COUNTY SHERIFF'S OFFICE, et al., <br><br> Defendants. | CASE NO. 2-25-cv-2710-JNW <br><br> ORDER DENYING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER |

On December 26, 2025, Plaintiffs William McNae and Ronda McNae sued Defendants and moved for a temporary restraining order ("TRO"). Dkt. Nos. 1, 2. Plaintiffs move to enjoin Defendant King County Sheriff's Office from selling their personal property at a public auction on January 7, 2026, under a writ of execution. Dkt. No. 2 at 3. Plaintiffs seek ex parte relief—relief issued without notice to the Sheriff's Office and before it has a chance to respond.

Federal Rule of Civil Procedure 65(b)(1) allows a court to issue a TRO without notice to the adverse party only if the movant provides "specific facts in an affidavit or a verified complaint" demonstrating "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be

ORDER DENYING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER - 1

heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The movant's attorney must also certify in writing "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). This district's Local Civil Rules reinforce this rule, noting that motions for TROs "without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." LCR 65(b)(1).

Plaintiffs' motion fails to meet this heightened standard. Although Plaintiffs vaguely assert that "[p]roviding advance notice [before the planned January 7, 2026, sale] would risk further dissemination or use of unlawfully obtained information, additional restraints on exempt assets, or acceleration of the scheduled sale before the Court can act," Dkt. No. 2 at 1–2, these assertions are conclusory and unsupported by specific facts. *See* Fed. R. Civ. P. 65(b)(1). On this record, the Court does not find that Plaintiffs' case falls within those "very few circumstances justifying the issuance of an ex parte TRO." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006); *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (preliminary injunctive relief is an "extraordinary remedy never awarded as of right").

Plaintiffs moved for ex parte relief, yet they also submitted a certificate of service. But the certificate does not attest to service on any named Defendant. *See* Dkt. No. 2 at 13. Instead, it reflects that Plaintiffs served their motion on the King County Prosecuting Attorney's Office via mail and email. *Id*. While the Prosecuting Attorney's Office may ultimately represent Defendants in this action, Plaintiffs have not explained whether they believe this service constitutes notice to Defendants for purposes of Rule 65(b), nor have they demonstrated any effort to

ORDER DENYING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER - 2

notify the Sheriff's Office or other defendants directly. Moreover, Defendants have not filed a notice of appearance, and the Court has been unable to locate the email address listed in Plaintiffs' certificate of service on any King County website, raising questions about whether the Prosecuting Attorney's Office has actually received notice of this motion.

Accordingly, the Court orders as follows:

(1) Plaintiffs' Motion for a Temporary Restraining Order is DENIED.

(2) The denial is without prejudice to Plaintiffs filing a renewed motion that satisfies Rule 65(b)(1)'s requirements. Any renewed motion must either (a) demonstrate that Plaintiffs have provided notice of the motion to Defendants, or (b) include specific facts establishing that immediate and irreparable injury will result before Defendants can be heard, along with a certification of efforts made to give notice and the reasons why notice should not be required. The Court notes that the scheduled sale is not until January 7, 2026, and it will try to resolve any renewed motion that complies with these requirements before then.

Dated this 30th day of December, 2025.

Jamal N. Whitehead
United States District Judge