UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WILLIAM MCNAE, et al.,<br><br>           Plaintiffs,<br><br>   v.<br><br>KING COUNTY SHERIFF'S OFFICE, et al.,<br><br>           Defendants. | CASE NO. 2-25-cv-2710-JNW<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Plaintiffs William McNae and Ronda McNae's renewed motion for a temporary restraining order. Dkt. No. 11. Plaintiffs move the Court to enjoin Defendant King County Sheriff's Office ("KCSO") from holding a sheriff's sale of the personal property seized under a writ of execution that was entered on November 19, 2025. The sheriff's sale is scheduled to occur on January 7, 2026. KCSO has responded to the motion. Dkt. No. 15. The Court DENIES the motion for the reasons below.

Plaintiffs seek to enjoin KCSO from: (1) relying on personal information seized during the writ of execution; (2) proceeding with a sheriff's sale of Plaintiffs' personal property seized in the writ of execution, including a pending lawsuit in this

**ORDER** DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER - 1

district (*William McNae et al. v. ARAG Insurance Company*, Case No. 2:24-cv-00211-TL); and (3) destroying camera footage, call logs, notes, and incident reports related to the writ of execution. Dkt. No. 11 ¶¶ 1–4. Plaintiffs contend that the manner in which KCSO effectuated the writ on November 19, 2025, resulted in civil rights violations and tort claims. *Id*. ¶ 7.

Plaintiffs also contend that the writ of execution was invalid because KCSO did not serve them a copy of the writ or provide them with a Notice of the Levy and Notice of Sale. *Id*. ¶ 10. They contend that irreparable harm will result without injunctive relief because the violations are ongoing and because the sheriff's sale will divest them of their legal claims and their ability to litigate their legal claims here. *Id*. at 9–10.

Defendants contend that the Court cannot intervene in this matter because it is better suited to be addressed in King County Superior Court, which issued the underlying order for the writ of execution. Dkt. No. 15 at 6. Defendants have provided the Court with a copy of the writ, signed by a King County Superior Court judge authorizing KCSO to break and enter and take possession of any property of the judgment-debtor, Ronda McNae. Dkt. No. 16 at 5–8. Defendants also contend that the Notice of Levy and Notice of Sale were mailed to Plaintiffs on November 20, 2025, providing them with notice of the January 7, 2026, sheriff's sale.

Defendants argue that the relief Plaintiffs seek—an injunction halting enforcement of the state court's writ of execution—would violate the Anti-Injunction Act. The Court agrees. The Court's authority to issue an injunction under the All Writs Act, 28 U.S.C. § 1651, is limited by the Anti–Injunction Act, 28 U.S.C. § 2283.

**ORDER** DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER - 2

The Anti–Injunction Act prohibits federal courts from enjoining state court proceedings unless one of three narrow exceptions applies. 28 U.S.C. § 2283. Under the Acts, an injunction is appropriate when (1) Congress has expressly authorized it; (2) it is necessary in aid of the federal court's jurisdiction; or (3) it is necessary to protect or effectuate the federal court's judgments. *See Bennett v. Medtronic, Inc.*, 285 F.3d 801, 805 (9th Cir. 2002).

Plaintiffs bring claims under 42 U.S.C. § 1983, which has been construed to provide implied authority to enjoin state court proceedings where necessary to vindicate federal constitutional rights. *See Mitchum v. Foster*, 407 U.S. 225, 235–37 (1972). Even where the § 1983 exception applies, however, principles of federalism and comity counsel restraint. Federal courts generally abstain when asked to enjoin a party from enforcing a state court judgment because the state has an important interest in ensuring that its orders are not rendered nugatory. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13–14 (1987). "'[A]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed.'" *Smith v. Bayer Corp.*, 564 U.S. 299, (2011) (quoting *Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970)).

Plaintiffs do not explicitly move to enjoin enforcement of the state court order granting KCSO's request for a writ of execution, but the relief they seek would effectively do so. They ask this Court to enjoin "any further enforcement action" derived from the writ and to halt the sheriff's sale, thereby prohibiting enforcement of the underlying Superior Court order.

**ORDER** DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER - 3

The King County Superior Court—which issued the writ and has access to the full record in the collection proceeding—is the appropriate forum to address Plaintiffs' challenges to the manner in which the writ was executed, including any alleged noncompliance with Washington's execution statutes. Indeed, Plaintiffs have filed motions in Superior Court challenging the execution process. *See, e.g.,* Dkt. No. 16 at 18–35. This piecemeal approach—seeking remedies in state and federal court arising from the same execution—risks conflicting directives and is the type of interference the Anti–Injunction Act is designed to prevent.

Moreover, even assuming the Court could grant the requested relief, Plaintiffs have not satisfied the requirements for a temporary restraining order under *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). To obtain such relief, a plaintiff must establish: (1) likelihood of success on the merits; (2) likelihood of irreparable harm absent relief; (3) that the balance of equities tips in the plaintiff's favor; and (4) that an injunction is in the public interest. *Id.* Plaintiffs have not demonstrated a likelihood of success on the merits of their motion to enjoin the state court's enforcement proceedings. Nor have they shown that they lack an adequate remedy in state court—indeed, the Superior Court is actively considering related motions. As Defendants note, Plaintiffs may pursue their federal civil rights claims for damages in this Court regardless of whether the sheriff's sale proceeds. Dkt. No. 15 at 6.

Finally, Plaintiffs move the Court to order Defendants to preserve and produce to them all "body-worn camera recordings, audio recordings, cell phone logs, notes, incident reports, and communications related to the November 19, 2025,

**ORDER** DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER - 4

execution and the November 20, 2025 Notice of Levy and Sale." Dkt. No. 11 ¶ 4. Plaintiffs do not explain why this information should be produced to them before discovery obligations commence or why Defendants should be ordered to preserve this evidence at this juncture in the case. Plaintiffs' request for this relief appears to rest on the faulty assumption that this Court cannot decide Plaintiffs' pending tort claims and civil rights claims without enjoining the sheriff's sale. The Court is unconvinced that enforcement of the Superior Court order would preclude this Court from hearing Plaintiffs' tort claims and civil rights claims against the KCSO.

Accordingly, the Court DENIES Plaintiffs' motion.

Dated this 7th day of January, 2026.

Jamal N. Whitehead
United States District Judge

ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER - 5